IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VINCENT VON HAMILTON,

    Plaintiff,

v.                                                                CASE NO. 5:12-cv-168-RS-GRJ

PHILLIPS,

    Defendant.

_____/

## ORDER GRANTING LEAVE TO PROCEED AS A PAUPER
## AND DIRECTING SERVICE

This case is before the Court on Doc. 13, a *pro se* amended complaint (hereafter "the Complaint") pursuant to 28 U.S.C. § 1983, and Docs. 2 & 14, Plaintiff's motions for leave to proceed *in forma pauperis*. Plaintiff, an inmate at Jefferson C.I., alleges that Defendant violated his Eighth Amendment right to be from cruel and unusual punishment by using excessive force. (Doc. 13.) The allegations against Defendant have been deemed sufficient to alert Defendant to the nature and basis of Plaintiff's claims. This Order directs service of the Complaint on Plaintiff's behalf. Plaintiff's motions for leave to proceed as a pauper (Docs. 2 & 14) are **GRANTED.**

Accordingly, it is **ORDERED:**

1. The Clerk shall prepare and issue a summons, indicating that Defendant has **sixty (60) days following service** in which to file a response to the Complaint, and shall refer the summons to the United States Marshal, along with a copy of Complaint (Doc. 13) and this Order.

2. Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Christon Holley** is

specially appointed to serve process upon Defendant, **Correctional Officer Phillips**, at the Northwest Florida Reception Center, a facility within the Florida Department of Corrections.  In the absence of **Christon Holley,** the specially appointed process server designated above, **Lori English** is designated as an alternate server and shall comply with this Order as though issued in her name.

     3.  **Within 10 days** from the date of entry of this Order on the docket, the United States Marshal or a Deputy United States Marshal shall serve a copy of the Complaint, a summons, and this Order upon each Defendant.  Service shall be accomplished **by mailing these documents by regular mail to the above named special process server who shall serve the Complaint.**  All costs of service shall be advanced by the United States.

     4.  **Within 10 days** after receipt of the Complaint and this order, **Christon Holley** shall **serve the Complaint upon the individual named above, complete** and **sign** the return of service, and **return** it to the <u>Clerk of Court</u> as proof of service.  **Defendant shall also sign the return of service as an acknowledgment of receipt of service**.

     5.  If a Defendant is no longer employed at the designated institution or facility, or are otherwise unable to be served, the server shall report this information to th Clerk of Court **within 10 days** after receipt of the complaint and this Order.  **If service is returned unexecuted, or if a return is not filed within twenty (20) days from the date of this order, the Clerk of Court shall immediately notify Chambers.**

     6.  Defendant shall have **60 days after service** in which to file a response to the Complaint.

*Case No. 5:12-cv-168-RS-GRJ*

7.  No motion for summary judgment shall be filed by any party prior to entry of an Initial Scheduling Order without permission of the Court.

8.  Counsel for Defendant shall file a notice of appearance **within 10 days** of the date of service.

9.  Plaintiff is advised that after a response to the Complaint has been filed, no further amendments to the Complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules of Civil Procedure, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint. N.D. Fla. Loc. R. 15.1.

10.  In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the Magistrate Judge, with the case number written on it.  If Plaintiff wishes to consent, the form should be signed and forwarded to counsel for Defendant.  If Defendant wishes to consent, the form should be signed and returned to the Clerk.

11.  After a notice of appearance has been filed, Plaintiff shall be required to mail to the attorney for Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff shall include with each pleading, motion, or other paper to be filed with the Clerk of the Court a certificate stating the date an identical copy of the paper was mailed to the attorney(s) representing the Defendant.  Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

12.  Plaintiff is reminded to keep the Clerk of Court advised of any change in his mailing address should he be transferred, released from prison, or otherwise be

relocated. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute should court orders not be able to reach Plaintiff.

13. The Clerk of Court shall return this file to the undersigned **no later than December 3, 2012.**

14. Plaintiff's motions for leave to proceed as a pauper (Docs. 2 & 14) are **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee. Plaintiff shall pay **$2.67** as an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A); however, Plaintiff is assessed the total $350.00 filing fee.

15. The agency having custody of Plaintiff shall forward, **WITHIN THIRTY (30) DAYS** from the date of this Order, the initial partial filing fee of **$2.67** to the Clerk of Court. A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court." The following information shall either be included on the face of the payment or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number; and, (3) Northern District of Florida Case Number. Checks or money orders which do not have this information will be returned.

16. Plaintiff is required to make monthly payments of twenty percent of the preceding month's income (all funds deposited into the account) credited to the Plaintiff's inmate account. The agency having custody of Plaintiff shall forward payments from the Plaintiff's account on a monthly basis to the Clerk each time the amount in the account exceeds $10.00. These payments shall continue until the full $350.00 filing fee is paid. The information set forth above shall either be included on the face of the payment or attached thereto.

17. Plaintiff is warned that he is ultimately responsible for payment of the filing

fee if the agency having custody over him lapses in its duty to make payments on his behalf.  Thus, in case of transfer, Plaintiff should ensure that any new institution is advised of this lawsuit and Plaintiff's payment obligations.  Plaintiff should retain a copy of this Order for that purpose.

18.  The **Clerk** is directed to send a copy of this Order by certified mail to: Inmate Accounts, Jefferson C.I., 1050 Big Joe Road, Monticello, FL 32344.

**DONE AND ORDERED** this 4th day of October 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge